**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UPOFLOOR AMERICAS, INC.,

      Plaintiff,

v.                                                Case No. 6:16-cv-179-Orl-37DCI

S SQUARED SUSTAINABLE
SURFACES, LLC,

      Defendant.
_____

S SQUARED SUSTAINABLE
SURFACES, LLC,

      Plaintiff,

v.                                                Case No. 6:16-cv-1403-Orl-37DCI

UPOFLOOR AMERICAS, INC.,

      Defendant.
_____

**ORDER**

This cause is before the Court on the following:

1.     The Court's Order to Show Cause (Doc. 33), filed August 29, 2016;

2.     Defendant's Response to Order to Show Cause [ECF NO. 33] (Doc. 34), filed September 15, 2016; and

3.     Upofloor America, Inc.'s Response to Order to Show Cause (Doc. 35), filed September 15, 2016.

In February and May of 2016, Upofloor Americas, Inc. ("**Upofloor**") and S Squared Sustainable Surfaces, LLC ("**S2LA**") filed the following related actions in

separate courts—(1) *Upofloor Americas, Inc. v. S Squared Sustainable Surfaces, LLC*, Case No. 6:16-cv-179-Orl-37DCI ("**Upofloor Action**"); and (2) *S Squared Sustainable Surfaces, LLC v. Upofloor Americas, Inc.*, Case No. 6:16-cv-1403-Orl-37DCI ("**S2LA Action**"). The *S2LA* Action was later transferred to this Court from the U.S. District Court for the Central District of California. (*S2LA* Action, Doc. 24.)

On August 29, 2016, the Court issued an Order to Show Cause as to why the *Upofloor* and *S2LA* Actions should not be consolidated pursuant to Federal Rule of Civil Procedure 42. (*Upofloor* Action, Doc. 33.) In response, Upofloor agreed that consolidation was appropriate. (*Id.*, Doc. 35.) For its part, S2LA expressed concern that consolidation of the two actions might adversely affect its ability to obtain the relief requested in its then-pending motion to dismiss ("**MTD**"). (*Id.*, Doc. 34.) In particular, one of the grounds raised in the MTD was whether the Court had personal jurisdiction over S2LA. (*See id.*, Doc. 15.) As such, S2LA represented that it could not consent to consolidation if doing so would create a new basis for personal jurisdiction which would otherwise not exist. (*Id.*, Doc. 34, p. 2.)

On October 12, 2016, the Court issued an Order denying S2LA's MTD for, *inter alia*, lack of personal jurisdiction. (*Id.*, Doc. 37.) Consequently, S2LA's objections are now moot, and the Court finds that the *Upofloor* and *S2LA* actions are due to be consolidated.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Pursuant to Federal Rule of Civil Procedure 42(a)(2), Case Nos. 6:16-cv-179-RBD-DCI and 6:16-cv-1403-RBD-DCI are **CONSOLIDATED**, such that:

    a. Case No. 6:16-cv-1403-RBD-DCI is **DISMISSED WITHOUT**

        **PREJUDICE**.

    b.    The Clerk is **DIRECTED** to close Case No. 6:16-cv-1403-RBD-DCI.

    c.    If S Squared Sustainable Surfaces, LLC wishes to pursue the causes of action alleged in Case No. 6:16-cv-1403-Orl-37DCI, it may file such as counterclaims in Case No. 6:16-cv-179-Orl-37DCI on or before Monday, **October 31, 2016**.

2.    The Court's Order to Show Cause (Doc. 33) is **DISCHARGED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 14, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record